UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13–CV-142-FL

| SENIOR AIRMAN MATTHEW A. THEURER, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **& RECOMMENDATION** |
| | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon Senior Airman Matthew Theurer's ("Movant") motion to challenge the Government's access to financial records pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401 *et seq.* (DE-3), and Respondent's motion to dismiss (DE-7). The time for filing any responses or replies has expired, and, therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636, they have been referred to the undersigned for the entry of a Memorandum and Recommendation.

I. **Background.**

The Inspector General of the United States Department of Defense ("DoD IG") has issued[1] an investigative subpoena (DE-1-4) addressed to the Custodian of Records, Crossroads Financial Federal Credit Union. (DEs 3 & 9).[2] This subpoena seeks Movant's financial records

---
[1] Crossroads Financial Federal Credit Union has not yet been served with the subpoena, pending resolution of this matter. The RFPA requires that the individual customer be served before the subpoena is served on the financial institution. 12 U.S.C. § 3405.
[2] By order dated September 6, 2013, this Court granted a motion sealing DE-9. *See* DE-14.

in connection with an investigation into Movant's alleged violation of Uniform Code of Military Justice ("UCMJ") articles and federal criminal laws, specifically negligent homicide and child endangerment. DE-9 ¶¶ 2, 5; DE-1-3. The subpoena instructed the Custodian to produce "information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence pertaining to" any account held by Movant, for the period of May 1, 2012 through the date of the subpoena. DE-1-4. In support of this production, the subpoena indicated that the records were "necessary in the performance of the responsibility of the Inspector General under the Inspector General Act," and that the account holder was suspected of violating the UCMJ. *Id.* Furthermore, the customer notice provided to Movant informed him that his financial records were sought "[t]o refute or support allegations that during the approximate period of February 2013, you caused the death of Matthew James Theurer, your dependent son, in violation of [UCMJ Articles pertaining to negligent homicide and child endangerment]." DE-1-3.

On June 10, 2013, Special Agent Aaron Barnes personally served Movant with a copy of the subpoena, along with a customer notice, statement of customer rights, and documents enabling Movant to challenge the subpoena in federal court, including a blank motion form. DE-9 ¶ 5. Movant filed the challenge which is the subject of this action on June 17, 2013, along with a sworn statement asserting that the records sought by the government "are not reasonably calculated to lead to discoverable evidence." DE-3-1. Specifically, Movant contends that "there is no reason to believe the records are [] relevant" and that "the nature of the law enforcement inquiry is not stated with enough specificity." *Id.* In addition, Movant stated that "disclosure would constitute an unwarranted invasion of my right to privacy and is not supported by a statement of relevance and is unsupported by probable cause." *Id.*

2

Case 7:13-cv-00142-FL   Document 15   Filed 09/06/13   Page 2 of 6

## II. Analysis.

### A. RFPA and Administrative Subpoena Standards.

The RFPA generally prohibits financial institutions from disclosing customer information to federal authorities. 12 U.S.C. §§ 3402, 3403(a). The law carves out certain exceptions, however, and allows the federal government to obtain financial records through the use of an administrative subpoena otherwise authorized by law if "there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry" and the government has complied with the relevant procedural requirements, including customer notice. *Id.* § 3405; *United States v. First National Bank of Maryland*, 866 F. Supp. 884, 886 (D. Md. 1994) (purpose of the RFPA is to protect customers from "unwarranted intrusion" while "permitting legitimate law enforcement activity").[3] The government must state the nature of the law enforcement inquiry "with reasonable specificity" in the customer notice. 12 U.S.C. § 3405.

Where, as here, a customer moves to challenge a subpoena pursuant to 12 U.S.C. § 3410, the court shall deny the motion so long as there has been "substantial compliance" with the statute's procedural requirements and there is a demonstrable reason to believe that the law enforcement inquiry is legitimate. 12 U.S.C. § 3410(c). In short, the RFPA provides only three grounds on which the district court may quash a subpoena: 1) the agency's inquiry is not a legitimate law enforcement inquiry; 2) the records requested are not relevant to the agency's inquiry; or 3) the agency has not substantially complied with the RFPA. *Id.*; *see also Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board*, 878 F.2d 875, 882 (5th Cir. 1989).

Inspectors General "are provided a broad range of investigatory powers" within their respective agencies. *National Aeronautics and Space Admin. v. Federal Labor Relations*

---

[3] A subpoena issued pursuant to the Inspector General Act of 1978, 5 U.S.C. App. § 5, is subject to the RFPA. *Id.*

*Authority*, 527 U.S. 229, 256 (1999) (Thomas, J., dissenting). Accordingly, "[f]ederal courts will enforce an agency subpoena if (1) the inquiry is within the authority of the agency and is for a proper purpose; (2) the matter requested is reasonably relevant to the inquiry; and (3) the demand is not unreasonably burdensome or broad." *United States v. Newport News Shipbuilding and Dry Dock Company*, 837 F.2d 162, 165 (4th Cir. 1988) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)).

      **B.**    **Application.**

As an initial matter, Movant's sworn statement in this case is insufficient to meet his burden to make an initial showing that the subpoena is improper. *See Hancock v. Marshall*, 86 F.R.D. 209, 210-211 (D.D.C. 1980) ("[T]he relevant [RFPA] legislative history is clear in its intention to require adjudication of a customer's motion only when his affidavit presents a *prima facie* case of impropriety."). The RFPA requires that the customer challenging a subpoena state "the applicant's *reasons* for believing that the financial records sought are not relevant" to the law enforcement inquiry. 12 U.S.C. § 3410(a)(2) (emphasis added). Here, Movant simply asserts that the records are not relevant, without explaining *why* they are not relevant. *See* DE-3-1. Nonetheless, it is unnecessary to decide the motions on this basis because, as discussed below, the law enforcement inquiry is legitimate, and the records sought are relevant to this inquiry.

First, despite Movant's contention that the DoD IG's inquiry was "not stated with enough specificity," the language in the subpoena and customer notice regarding the nature of the inquiry was reasonably specific, as required by 12 U.S.C. § 3405. The Government has put Movant on notice of the records to be sought and the reasons for seeking them, and has substantially complied with the RFPA. *See Breakey v. Inspector General of U.S. Dep't of Agriculture*, 836 F. Supp. 422, 427 (E.D. Mich. 1993).

4

Second, the inquiry embodied by the subpoena is within the authority of the DoD Inspector General. The DoD IG is empowered to "initiate, conduct, and supervise" investigations within the Department of Defense and military departments. 5 U.S.C. App. § 8(c)(2). Movant, at the time of the events under investigation, was an active duty member of the United States Air Force, on Seymour Johnson Air Force Base. DE-9 ¶¶ 2-3. He was living with his dependent son, now deceased, in a residence on the Base. *Id.* The subpoena seeks records pertaining to the death of Movant's son. DEs 1-3, 1-4. As Respondent notes, the DoD IG has an interest in preventing and investigating service members' violations of the UCMJ and federal criminal laws, and ensuring the well-being of children of members of the military. *See also Luttrell v. Dep't of Defense*, 5:10-mc-19, 2010 WL 2465538, at *2 (E.D.N.C. Jun. 11, 2010) (DoD IG investigation of fraud and larceny by U.S. Air Force Reservist was legitimate law enforcement inquiry).

Moreover, there is no indication in the record whatever that the subpoena was issued for any purpose other than the criminal investigation. The facts obtained during the course of Special Agent Barnes' investigation indicate that the minor son's death was likely caused by severe malnutrition due to neglect. DE-9, ¶ 4. Movant is the natural target of such an investigation, and such an inquiry constitutes a proper purpose.

In addition, there is a "reasonable belief," 12 U.S.C. § 3410, that the documents sought are relevant to the criminal investigation at issue. "For purposes of an administrative subpoena, the notion of relevancy is a broad one." *Sandsend*, 878 F.2d at 882. Respondent is investigating the death of a minor child that was likely caused by neglect. DE-9. Witnesses, along with Movant himself, have described in detail that Movant was experiencing financial difficulty in providing basic needs for his child. *Id.* Accordingly, Movant's financial affairs are relevant to the investigation. As Special Agent Barnes' Declaration elaborates, the financial records sought

5

Case 7:13-cv-00142-FL   Document 15   Filed 09/06/13   Page 5 of 6

will establish the amount of money available to Movant for his son's care, along with Movant's spending patterns, and will ensure the "accuracy and completeness" of financial records used to establish Movant's means for caring for his son. DE-9, ¶ 7.

Finally, the subpoena in this case, which seeks Movant's financial records for the limited time period of the months leading up to and in the wake of his son's death, is not unreasonably burdensome or broad. *See Swann v. Secretary, U.S. Dep't of Housing and Urban Development*, No. 05-492, 2006 WL 148738, at *2 (D.D.C. Jan. 19, 2006) (subpoena seeking all of movant's bank account records was not overly broad).

In sum, Respondent substantially complied with the RFPA's procedural requirements, there is demonstrable reason to believe that the law enforcement inquiry is legitimate, and there is a reasonable belief that the records sought are relevant to that inquiry. *See* 12 U.S.C. § 3410(c). Movant's customer challenge to the subpoena should therefore be denied. *Id.*

### III.    Conclusion.

For the aforementioned reasons, it is HEREBY RECOMMENDED that Movant's Motion to Challenge (DE-3) be DENIED, that Respondent's Motion to Dismiss (DE-8) be GRANTED, and that, pursuant to 12 U.S.C. § 3410(c), the Court ORDER that the subpoena is valid and enforceable.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, September 9, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE